VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        24-AP-340

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2025

State of Vermont v. Corey Francis\*

}  APPEALED FROM:
}
}  Superior Court, Chittenden Unit,
}  Criminal Division
}  CASE NO. 24-CR-04721
Trial Judge: John L. Pacht

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction, following a jury trial, of second-degree aggravated domestic assault.  On appeal, he argues that the court committed plain error in failing to grant acquittal.  We affirm.

Defendant was charged with one count of second-degree aggravated domestic assault in violation of 13 V.S.A. § 1044(a)(2)(B) in May 2024 for recklessly causing injury to complainant, his then-girlfriend.  At a jury trial, the State presented testimony from two friends who were with defendant and complainant on the night of the assault and two troopers from the state police.  The friends, Katie and Nicholas, testified that in May 2024 they visited defendant and complainant at their shared residence.  At the time, defendant and complainant were in a romantic relationship.  All four were smoking marijuana, defendant and Nicholas were drinking alcohol, and everyone but defendant was smoking crack.  Defendant and complainant got into an argument, and she threatened defendant with a knife.  Defendant took the knife away, and Katie took complainant for a drive while defendant and Nicholas remained at the residence.

After the women returned, the argument reinitiated, and defendant and complainant were screaming at and shoving one another.  Nicholas recorded a video showing defendant on top of complainant while the two struggled.  Towards the end of the video, defendant states, "that's it," and strikes complainant.  Nicholas believed that complainant's life was in danger.  He and Katie each called the police.  There were severe injuries to complainant's face.  It appeared to Katie that complainant's eye socket had been "punched in" and her cheekbone was broken.  The trooper observed that complainant's face was very swollen, and her skin was purple and blue.  Both of complainant's eyes were swollen shut, and she had bruising on her forearms and hands.  Defendant told a trooper that complainant had scratched or bit him during the altercation, but the officer did not observe any injuries on defendant.

The trial court concluded that defendant had made a prima facie case of self-defense and provided a corresponding instruction to the jury. The jury found defendant guilty. Defendant did not move for judgment of acquittal.

On appeal, defendant argues that the State's evidence was insufficient to prove beyond a reasonable doubt that defendant was not acting in self-defense. Because defendant did not move for judgment of acquittal, he asserts that the trial court engaged in plain error by not entering a judgment of acquittal on its own initiative.

Plain error "exists only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." State v. Davis, 2020 VT 20, ¶ 20, 211 Vt. 624 (quotation omitted). The trial court should only move for acquittal on its own initiative when "the record reveals that the evidence is so tenuous that a conviction would be unconscionable." Id. ¶ 21 (quotation omitted). A self-defense instruction is warranted when defendant shows "(1) he had an honest belief that he faced imminent peril of bodily harm and that (2) the belief was grounded in reason." State v. Albarelli, 2016 VT 119, ¶ 13, 203 Vt. 551. Once a defendant makes a prima facie case, "the burden then shifts to the State to disprove self-defense beyond a reasonable doubt." Id. (quotation omitted).

The evidence was sufficient to support the jury's verdict, which did not credit defendant's claim of self-defense. Defendant highlights the evidence that he argues tends to prove self-defense, asserting that complainant was aggressive and hitting defendant, complainant previously threatened him with a knife, defendant asked complainant to stop hitting him, and defendant tried to calm things down. Notwithstanding this evidence, there was substantial evidence supporting the jury's verdict and demonstrating that defendant did not face imminent peril and that the force he used was not necessary. Two witnesses described defendant striking complainant violently when he was on top of her on the bed. A video was admitted showing the two struggling with defendant on top of complainant. In the video, defendant states, "that's it," and strikes complainant. Complainant sustained severe injuries to her face. Defendant did not have any observable injuries. These facts show that the verdict was not based on tenuous grounds; therefore, there was no plain error and no ground for reversal.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice